IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06cv705CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

The plaintiff, Larry Clark ("Clark"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, alleging that he was unable to work because of a disability.  His application was denied at the initial administrative level. Clark then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Clark was 51 years old at the time of the hearing before the ALJ. (R. 273.) He is a high school graduate. (*Id.*) Clark's prior work experience includes working as a quality assurance inspector, assistant construction supervisor, and a ventilation mechanic. (R. 104.) Clark alleges that he became disabled on April 11, 2003, due to back pain, hearing loss, post-traumatic stress disorder ("PTSD"), and knee and hip problems. (R. 94, 275, 277, 280-81.) Following the hearing, the ALJ concluded that Clark suffers from severe impairments of status post discectomies and fusion of the low back, tinnitus vs. bilateral high frequency

hearing loss, and coronary artery disease. (R. 40.) He also determined that Clark suffers from non-severe impairments of high blood pressure, allergic rhinitis, gastroesophageal reflux disease, obesity, knee problems, and PTSD. (*Id*.) The ALJ found that Clark would be unable to return to his past relevant work. (R. 56.) In addition, the ALJ concluded that Clark retained the residual functional capacity to perform a wide range of sedentary work. (*Id*.) Accordingly, the ALJ concluded that Clark is not disabled. (*Id*.)

### IV. The Plaintiff's Claims

As stated by Clark, he presents the following issues for the court's review:

1.   Whether the ALJ's finding that Clark's PTSD and depression are non-severe is based on substantial evidence.

2.   Whether the ALJ's RFC finding is based on substantial evidence.

3.   Whether the Appeals Council committed reversible error in failing to remand this matter to the ALJ for consideration of the report of Keith G. Venderzyl, M.D.

(Doc. # 7 at 5-6.)

### V. Discussion

Clark raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Clark's specific arguments because the court concludes that the ALJ erred as a matter of law, and, thus, this case is due to be remanded for further proceedings.

When deciding whether Clark's PTSD was a non-severe impairment at step two of the sequential evaluation, the ALJ determined that he was "not convinced that the claimant's PTSD has resulted in significant work-related limitations for a period of 12 continuous months during the period under adjudication." (R. 43.)  The ALJ thus failed to apply the correct severity standard.  An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *See McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).  The application of a severity standard that is greater than *de minimis* is invalid under the terms of the Social Security Act.  *See Stratton v. Bowen*, 827 F.2d 1447, 1453 (11th Cir. 1987) (determining that ALJ's determination that the claimant did not "have any impairment or impairments which significantly limited [his] ability to perform basic work-related functions" was an "overly stringent interpretation of the threshold severity requirement."). The ALJ's determination that Clark's condition did not result in "significant work-related limitations" was an incorrect application of the severity standard.

Furthermore, the court cannot conclude that the ALJ's determination that Clark's PTSD did not meet the Commissioner's twelve-month durational requirement, as set forth in 20 C.F.R. § 404.1505(a), is supported by substantial evidence.  The record clearly demonstrates that Clark suffered from this psychological condition from as early as October 2002 until April 2004.  For example, the Department of Veterans Affairs determined that, based on a review of Clark's medical records and other reports, Clark was entitled to a

"[s]ervice connection for posttraumatic stress disorder with an evaluation of 30 percent effective October 7, 2002."  (R. 169-70.)  In addition, on March 18, 2003, Surya Rao Mudragada, a Veterans Administration psychiatrist, conducted an initial evaluation of Clark and determined that Clark suffered from moderate PTSD.  (R. 198.)  Medical evidence also indicates that Clark's mental condition was chronic. For example, on March 15, 2004, Malissa H. Williams, a certified registered nurse practitioner, conducted a psychological evaluation of Clark, assessing that he suffered from PTSD and "chronicity of disorder."  (R. 208.)  On April 15, 2004, Jose L. Garrido, a psychiatrist, also conducted an examination and assessed that Clark suffered from PTSD and "chronicity of disorder." (R. 201.)

The ALJ erroneously relied on one entry from Dr. Garrido's April 15, 2004, notes to conclude that Clark's PTSD did not meet the twelve-month durational limitation. Specifically, the ALJ concluded that Clark's "Zoloft was increased to 100 milligrams at that time" and that "[i]t is significant to note that although the assessment of the claimant's symptomatology apparently increased from 'mild' to 'moderate' for a brief period in March 2004, no evidence has been presented through the date of this decision to show that the claimant's PTSD and depression have failed to respond appropriately to the increase in his medication."  (R. 45.)  In doing so, the ALJ substituted his judgment for that of the medical specialists.[4]  This he cannot do.  *See Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir.

---

[4] It is likewise clear that the ALJ addressed Clark's PTSD and depression jointly, as if both illnesses are one and the same; however, PTSD and depression are separate and distinct mental conditions.  The ALJ must consider every impairment alleged by Clark and determine whether the alleged impairments are sufficiently severe - either singularly or in combination - to create a disability.  *See Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986).

1982).  The ALJ is not free to simply ignore medical evidence, nor may the Commissioner pick and choose between the records selecting those portions which support his ultimate conclusion.

More importantly, the court concludes that the ALJ failed to fully develop the record regarding Clark's mental condition.  Specifically, the ALJ failed to consider whether additional medical evidence concerning Clark's treatment for PTSD was necessary, particularly in light of evidence demonstrating that he suffered from a chronic mental condition.  It is error for the ALJ to fail to obtain additional testing or otherwise develop the evidence, if that information is necessary to make an informed decision.  *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988).    While the burden is on Clark to submit evidence establishing disability, the circumstances of this case demand that the ALJ take additional steps to see that the record is fully developed.  Although the nurse practitioner's notes from April 15, 2004, indicate that she had "given Atlanta material to get involved in the DCS PTSD program,"[5] the ALJ did failed to consider whether Clark sought additional treatment in a PTSD program.  *See generally Baker v. Bowen*, 886 F.2d 289, 292 (10th Cir. 1989) (failure to obtain x-rays particularly a problem when claimant is complaining of arthritis, a disease commonly diagnosed by x-rays); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) ("fail to see how the ALJ could have properly assessed the extent of arthritis without `updated x-rays").  In addition, the ALJ failed to order additional testing with respect to Clark's mental health prior to denying his application for benefits.  Pursuant to 20 C.F.R. §

---

[5] (R. 209)

416.917, the ALJ is required to order additional medical tests when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability. Yet, despite the lack of certain medical evidence and without securing a consultative exam, the Commissioner determined that Clark's mental condition did not constitute a severe mental impairment. The court therefore concludes that the ALJ inadequately developed the record in this case by failing to secure additional evaluations or medical records regarding Clark's mental health. The court further concludes that the Commissioner could not make an informed decision based on the record, and thus, the Commissioner's decision is not supported by substantial evidence.

Finally, the court notes that in this case no qualified person completed a Psychiatric Review Technique Form (PTRF) at the initial administrative stages of review, and the ALJ did not order a consultative psychiatric or psychological examination. In this circuit this was error. *See* 42 U.S.C. § 421(h); *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988).[6]

---

[6]In *Sneed v. Barnhart*, – F.3d –, 2006 WL 3770655 (11th Cir. December 22, 2006), the court noted the holding in *McCall* but also referred to the Third Circuit's opinion in *Plummer v. Apfel,* 186 F.3d 422, 432 (3d Cir. 1999) in which the court notes as follows:

> Because 42 U.S.C. § 421(d), which covers hearings before an ALJ, is excluded from § 421(h)'s purview, an ALJ is not required to employ the assistance of a qualified psychiatrist or psychologist in making an initial determination of mental impairment. Instead, the Commissioner's regulations provide an ALJ with greater flexibility than other hearing officers. At the initial and reconsideration levels, a PRT form-outlining the steps of the § 404.1520a procedure-must be completed and signed by a medical consultant. 20 C.F.R. § 404.1520a(d)(1). However, the ALJ has several options available: she can complete and sign the document without the assistance of a medical adviser; she can call a medical adviser for assistance in completing the document; or, if new evidence is received or the issue of mental impairments arises for the first time, she can remand the case for completion of the document and a new determination. 20 C.F.R. § 404.1520a(d)(1)(i-iii). In summary, the regulations allow the ALJ to remand for further review, to proceed with a determination without the assistance of a medical adviser, or to call a medical adviser for assistance with the case.

Accordingly, the court will order that this case be remanded to the Commissioner for

further proceedings consistent with this opinion.  A separate final judgment will be entered.

Done this 15th day of March, 2007.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

*Sneed* thus suggests that *McCall's* seemingly blanket requirement that an ALJ must make every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist may not be consistent with the applicable statutes.  However, *McCall* remains the law of this circuit.  Moreover, for all of the reasons set forth in this opinion, the ALJ's determination in this case was erroneous as a matter of law.